IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case Nos. 18 CR 50034-1 |
| | ) | 18 CR 50037-1 |
| | ) | 18 CR 50038-1 |
| | ) | 18 CR 50039-1 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Tyjuan Anderson, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANUM OPINION AND ORDER

Defendant's motion to modify the conditions of his pretrial release [254] [93] [99] [100] is denied without prejudice to Defendant proposing a suitable residence and third-party custodian.

## STATEMENT

In July 2018, Defendant was indicted in four separate cases for multiple drug-trafficking conspiracies involving the possession and distribution of heroin and cocaine in the Rockford, Illinois area in violation of 21 U.S.C. §§ 841(a)(1), 846. Following Defendant's arrest, the Government moved for detention.

After detention hearings on July 19 and July 20, 2018, Magistrate Judge Iain D. Johnston[1] found that Defendant rebutted the presumption of detention set out in 18 U.S.C. § 3142(e)(3)(A) and released Defendant pending trial subject to numerous conditions, including third-party custodianship with Defendant's sister and living in his sister's home on home incarceration with location monitoring. Defendant was only allowed to leave to leave the home to attend court, meet with his attorney, and to visit his children. In March 2019, Judge Johnston modified Defendant's conditions of release to allow him three hours each week to search for a job. However, Defendant was required to seek leave a court before accepting any employment.

In April 2019, Defendant filed a motion to modify the conditions of his release to allow him to work full-time as a machine operator in South Beloit, Illinois. The Government objected, noting that home incarceration was necessary to maintain the safety of the community because without this restriction Defendant would be able to resume his drug-trafficking operation. Following a hearing, this Court denied Defendant's motion and found that allowing Defendant to work outside of the home for 12-13 hours a day would not reasonably assure the safety of the community based on the presumption for the instant controlled substances offenses under 18

---

[1] These cases were not referred to the undersigned until April 12, 2019.

U.S.C. § 3142(e)(3)(A), the strength of the evidence that the Government presented against Defendant, and based on Defendant reportedly working at a time he was engaged in illegal activity.

On June 15, 2020, Defendant filed the instant motion to modify the conditions of his pretrial release. Dkts. 254, 93, 99, 100. Defendant asks that he be allowed to obtain his own residence and seek employment. In seeking his own residence, it is unclear from the motion if Defendant is also seeking to remove the requirement for a third-party custodian.

The Government has responded and objects to Defendant's requests to work and remove the requirement for a third-party custodian for the same reasons that were outlined in Defendant's motion in April 2019. The Government takes no position on Defendant's request to move residences or find a new third-party custodian, explaining that Defendant has not provided enough information.

The Bail Report Act requires the release of a person facing trial under "the least restrictive [] condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). In determining whether there are conditions of release that will reasonably assure Defendant's future appearance and community safety, the Court is to consider: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether he was on probation, parole or release at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

"The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

In support of removing him from home confinement and allowing him to work and find his own residence, Defendant points to a recent settlement award in his civil case and his compliance with the terms of his pretrial release for the past two years to argue that he would not pose a risk of flight or a danger to the community. Defendant's motion, which provides few details, can be summed up with the following paragraph:

> The simple facts are that this is an individual that was found eligible for release, albeit with strict conditions. He has complied with all of those conditions for nearly two years. He has demonstrated that he can follow the rules and conform his conduct to the law. If he ever was a flight risk, he certainly is no longer. It would

be appropriate to loosen the restrictions in order to enable him to obtain his own residence and to allow him to work.

Defendant's Motion at 4, Dkts 254.

Defendant additionally asserts that both he and his sister are unsafe in their current residence because of the large settlement award he received. Although this Court is sympathetic to any threat to their safety, Defendant offers no evaluation of the factors this Court considered under 18 U.S.C. § 3142(g). *See United States v. Calvert*, No. 19-40068-03-HLT, 2020 WL 1847754, at *2 (D. Kan. Apr. 13, 2020) ("[T]he risk of harm *to the defendant* does not usually bear on whether the court can fashion conditions of release that will reasonably assure that the defendant is not a risk of nonappearance or a risk of harm to any others or the community.") (emphasis in original). Defendant claims that the "settlement should provide all of the assurance this Court needs to satisfy any concerns regarding Tyjuan's risk of flight or danger to the community." Defendant's Motion at 2, Dkts. 254, 93, 99, 100. However, Defendant does not explain how the receipt of a significant financial settlement has any material bearing on the issues of detention, other than to show that he has a means to obtain his own apartment.

As this Court previously found, the Government's evidence is strong. The Government presented evidence indicating that over twelve controlled purchases of crack cocaine and heroin were conducted through confidential informants either from Defendant or his co-conspirators. Additionally, the nature and circumstances of these multiple drug trafficking offenses are very serious and although rebuttable, the Court must still consider the presumption that no condition or combination of conditions will reasonably assure the safety of the community.[2] *See* 18 U.S.C. § 3142(e)(3)(A). This is further supported by the evidence the Government offered that Defendant was armed while conducting some of the drug transactions.

This Court specifically noted its concern with Defendant allegedly engaging in drug trafficking activity while reporting that he was working. The Government provided evidence that during Defendant's past employment as a personal aid to his uncle, he reported working while agents conducted controlled purchases of crack cocaine from Defendant. The Government also provided court records showing multiple instances where Defendant reported working as an aid at times he was in court.

This Court shares the Government's concern that allowing Defendant more time away from his home increases the risk that he will engage in drug trafficking. Although Pretrial Services is recommending reducing Defendant to a curfew with location monitoring, Pretrial Services does not consider the strength of the evidence or the rebuttable presumption when making its recommendation. Furthermore, location monitoring has its limits. Location monitoring tells us whether Defendant is outside of his home. It does not tell us what he is doing, and Pretrial Services does not have the resources to verify Defendant's whereabouts daily.

---

[2] "Even if the statutory presumption is rebutted, it must be considered along with all other relevant factors set out in the Act to determine whether any condition or combination of conditions will reasonably assure that the defendant's pretrial release will not pose a danger to the community and assure his presence at trial." *United States v. Caro*, No. 05 CR 858, 2005 WL 8160735, at *1 (N.D. Ill. Nov. 2, 2005).

      Defendant does not address any of this Court's concerns or otherwise present any new evidence that changes the determination that home incarceration and third-party custodianship are necessary to assure the safety of the community. Defendant compliance with his pretrial release for the past two years, though commendable, does not alleviate this Court's concern that Defendant was previously undeterred from allegedly engaging in illegal activity while reportedly working. As the Government points out, there is nothing indicating that Defendant's compliance is not merely the result of the conditions imposed preventing further criminal activity. *See United States v. Kube*, No. 119CR00257NONESKO, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020) ("The fact that Defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing.").

      Although this Court finds that home incarceration with a third-party custodian remains necessary to assure the safety of the community, Defendant has offered some evidence indicating that his current residence may no longer be suitable. Additionally, Defendant has reported to Pretrial Services that his sister intends to move out of state. However, Defendant has not identified a new residence or proposed a new third-party custodian. Until that occurs, this Court is unable to determine the suitability of either.

      Accordingly, Defendant has not presented new information that has a material bearing on whether the conditions of release will reasonably assure the safety of the community. Therefore, Defendant's motion to modify the conditions of his pretrial release is denied without prejudice. However, should Defendant identify a suitable residence and if necessary, a new third-party custodian, Defendant shall file a renewed motion to that effect. In light of the concerns Defendant raised relating to his safety and the safety of his third-party custodian, in any renewed motion brought by Defendant, he is granted leave to file the specific address and third-party information as an exhibit under seal.

Date: June 30, 2020                  By:    *Lisa A. [signature]*
                                                              Lisa A. Jensen
                                                             United States Magistrate Judge